IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R. ROYALE, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2992-D-BK |
| | § | |
| KNIGHTVEST MANAGEMENT, | § | |
| LLC, et al., | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and District Judge Fitzwater's orders of reference, Doc. 50 & Doc. 38, *Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 22) for Failure to State a Claim*, Doc. 48, and *Defendant Knightvest Management, LLC's Motion for Summary Judgment*, Doc. 35, are each before the Court for findings of fact and a recommended disposition. For the reasons stated herein, Defendants' motion to dismiss should be **GRANTED IN PART** and Plaintiff's federal claims **DISMISSED WITH PREJUDICE**. The Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim, which should be **DISMISSED WITHOUT PREJUDICE**. And, as acceptance of this recommendation would dispose of all of Plaintiff's claims pending before this Court, Defendant Knightvest Management, LLC's *Motion for Summary Judgment* should be **TERMINATED AS MOOT**.

## I. BACKGROUND

*Pro se* plaintiff R. Royale filed this civil action arising from a confrontation with an off-duty City of Dallas police officer and Defendant Vicki Hibdon ("Hibdon"), manager of an apartment complex owned by Defendant Knightvest Management, LLC, where Plaintiff resided ("the Incident"). Doc. 22 at 2. Plaintiff alleges that, in December

2015, while at the apartment complex, he was "viciously harassed, verbally threatened, and . . . provoked violently into a physical confrontation" by the complex's "courtesy officer," Taylor Smith, an off-duty City of Dallas police officer.  Doc. 22 at 3.  Plaintiff further alleges that Hibdon, "encouraged and join[ed]" Officer Smith, and that both Officer Smith and Hibdon conspired to "pester[ ] and violate[ ]" his Constitutional rights. Doc. 22 at 3.  Specifically, Plaintiff alleges that he was "detained" when Officer Smith questioned him in the complex's parking lot, and again for more than ten minutes in Hibdon's office with the door closed.  Doc. 22 at 16-17.  Plaintiff further alleges that, during this time, Hibdon and Officer Smith "intimidated and threatened to handcuff and arrest him without no [sic] criminal charges."  Doc. 22 at 8, 17.  The confrontation ended when Plaintiff "stormed out" of the office.  Doc. 22 at 8.  Two days later, Hibdon allegedly placed a notice on Plaintiff's apartment door stating that Plaintiff's lease had been terminated and demanding that he vacate the premises.  Doc. 22 at 3.  The purported lease termination and demand to vacate were retracted three weeks later.  Doc. 22 at 4.

On October 26, 2016, Plaintiff filed this civil action, and on July 18, 2017, he filed his second amended complaint (the operative complaint) against Knightvest Management, LLC; Knightvest Holdings, LLC; Foxmoor Apartments, LLC; Knightvest, LLC; Knightvest Capital, LLC; Knightvest Fairways; Knightvest PB, LLC; K. C. Kronbach; and Vicki Hibdon (collectively "Defendants").[1]  Doc. 22.  In it, Plaintiff asserts civil rights claims under 42 U.S.C. §§ 1981, 1983, and a state law tort claim for

---

[1] Knightvest Management, LLC; Knightvest Holdings, LLC; Foxmoor Apartments, LLC; Knightvest, LLC; Knightvest Capital, LLC; Knightvest Fairways; and Knightvest PB, LLC will be referred to herein as "the Knightvest Defendants."

intentional infliction of emotional distress ("IIED"). Doc. 22, *passim*. A few days later, on July 26, 2017, Defendant Knightfest Management LLC filed its motion for summary judgment. Doc. 35. And, on August 9, 2017, Defendants jointly filed the instant motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all of Plaintiff's claims for failure to state a claim. Doc. 48. Plaintiff filed a response to the motion for summary judgment, Doc. 51 & Doc. 52, but did not file a response to Defendants' Rule 12(b)(6) motion to dismiss.

## II. LEGAL STANDARD

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins*, 224 F.3d at 498 (internal citation and quotation marks omitted). In sum, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## III. ANALYSIS

### A. 42 U.S.C. § 1983

Defendants move to dismiss Plaintiff's section 1983 claims on the grounds that Plaintiff fails to allege facts from which it can be inferred that: (1) Defendants are state

3

actors; (2) there was personal involvement of the Knightvest Defendants and Kronbach in the events at issue; (3) a conspiracy existed between Hibdon and Officer Smith; and (4) there was a constitutional violation. Doc. 49 at 3-5.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States[.]" *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation and internal quotation marks omitted). To state a claim under section 1983, a plaintiff must allege facts that demonstrate he has been deprived of a right secured by the Constitution and the laws of the United States, and that the defendant was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). However, private acts may incur section 1983 liability, if the individual "is a willing participant in joint action with the state or its agents." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (citations omitted). To allege such joint action, the plaintiff must set forth specific facts that tend to show an agreement among the defendants to commit an illegal act. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory allegations of a conspiracy are insufficient. *See id.* ("[M]ore than a blanket of accusation is necessary to support a § 1983 claim.").

Finally, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citation omitted). Thus, section 1983 excludes from its reach vicarious liability based on assertions that a

4

defendant is responsibility for another's actions. *Monell v. New York Department of Social Services*, 436 U.S. 658, 693 (1978).

### 1. Plaintiff has failed to state a viable section 1983 claim against the Knightvest Defendants and Defendant Kronbach.

Here, Plaintiff has not alleged facts to establish that the Knightvest Defendants and Kronbach are state actors, or that they conspired with state actors to commit illegal acts. *Sullivan*, 526 U.S. at 50; *Arsenaux*, 726 F.2d at 1024. Moreover, Plaintiff's second amended complaint is devoid of any discussion of the Knightvest Defendants' or Kronbach's personal involvement in the Incident. *Thompson*, 709 F.2d at 382. Indeed, the descriptions in the complaint of each Defendant's role conclusively establishes that the Knightvest Defendants and Kronbach are *not* state actors, and are named as Defendants only because their respective roles as owners, managers, insurer and "founder." Doc. 22 at 1-2.

### 2. Plaintiff has failed to state a viable section 1983 claim against Hibdon.

Plaintiff also has not alleged that Hibdon is a state actor. *Sullivan*, 526 U.S. at 50; *Arsenaux*, 726 F.2d at 1024. While Plaintiff alleges that Hibdon was personally involved in the Incident, the allegations in the complaint that she conspired with Officer Smith are merely conclusory and fails to proffer any facts from which it can be concluded that the two entered into an agreement to violate Plaintiff's rights. *Arsenaux*, 726 F.2d at 1024; *see Lara v. Shannon*, No. 2014 WL 5297782, at *4 (dismissing section 1983 claims against private individuals where plaintiff merely asserted speculative and conclusory allegations of a conspiracy and failed to set forth facts that "show[ed] any agreement" between the individuals and a state actor). As they amount to little more than a "blanket

of accusations," Plaintiff's section 1983 claims against Hibdon should be dismissed. *Arsenaux*, 726 F.2d at 1024.

Even assuming *arguendo* that Plaintiff has sufficiently alleged the existence of a conspiracy between Officer Smith and Hibdon, he has not set forth any facts that demonstrate a violation of his constitutionally protected rights. Plaintiff merely alleges that he was "detained" during the Incident – once in the parking lot when Officer Smith began question him, and again in Hibdon's office.[2] Even if the Court liberally construes the allegations to implicate the Fourth Amendment's guarantee of the right to be free of unreasonable searches and seizures, U.S. Const. amend. IV, Plaintiff has not asserted facts to establish a Fourth Amendment violation in this case.

"[A] person is 'seized' [within the meaning of the Fourth Amendment] only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980). An individual is not seized simply because a police officer subjects him or her to questioning. *See Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968) ("[N]ot all personal intercourse between policemen and citizens involves 'seizures' of persons.").

In case *sub judice*, the complaint conclusively establishes that Plaintiff's freedom of movement was never restrained during either of the instances he alleges. Indeed, Plaintiff's allegations support the opposite conclusion. Plaintiff avers that while in the

_____

[2] *See* Doc. 22 at 16 ("Officer Smith tried to detain Plaintiff . . . when he withheld Plaintiff outside on [sic] apartment complex parking lot to interrogate Plaintiff."), 17 ("Once in the leasing office, both Officer Smith and Vicki Hibdon held Plaintiff in detention for more than 10 minutes inside Vicki Hibdon's office with the door closed.").

parking lot with Officer Smith, he "broke the tension by fleeing to the leasing office." Doc. 22 at 16. He also states that after spending ten minutes in Hibdon's office, he "stormed out" of the office. Doc. 22 at 8. Plaintiff's admitted ability to disengage himself from these alleged confrontations establishes that there was no "seizure" as contemplated by the Fourth Amendment, and, thus, no constitutional violation. *See Mendenhall*, 446 U.S. at 554 ("As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.").

For all of these reasons, Plaintiff's section 1983 claim against Defendants should be dismissed.

## B. 42 U.S.C. § 1981

As Defendants note, Plaintiff only cites section 1981 as authority to recover damages. *See* Doc. 22 at 2. To the extent Plaintiff asserts a section 1981 claim, however, Defendants move to dismiss it on the grounds that he fails to allege, *inter alia*, that his ability to contract was impeded due to his race, or, for that matter, that any discriminatory animus was involved. Doc. 49 at 6-7. Even taking all well-pleaded allegations in the complaint as true, the Court concludes Defendants' argument has merit.

"Section 1981 does not provide a general cause of action for race discrimination. Rather, it prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 359 (5th Cir. 2013) (internal footnotes omitted). To state a claim for racial discrimination under section 1981, a plaintiff must allege facts to support the following elements: (1) the plaintiff is a member

of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the enumerated activities set forth in section 1981, as relevant here, making and enforcing a contract. *Green v. State Bar or Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).  To establish a deprivation of section 1981 rights in the retail context, a plaintiff must allege facts showing "the loss of an actual, not speculative or prospective, contract interest." *Arguello*, 330 F.3d at 358 (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751-52 (5th Cir. 2001)).  Stated differently, a section 1981 claim "must allege that the plaintiff was *actually prevented, and not merely deterred*, from making a purchase or receiving service after attempting to do so." *Id.* at 358-59 (citation and internal quotation marks omitted) (emphasis in original).

Plaintiff alleges that he is African-American; however, he fails to allege Defendants refused to contract with him in any way, or that Defendants interfered with a contractual relationship Plaintiff had with anyone. *Arguello*, 330 F.3d at 358; *see Green*, 27 F.3d at 1086 (affirming dismissal of plaintiff's section 1981 claim where he failed to allege that the defendant "refused to contract with him or that [the defendant] somehow impeded his right to enforce a contract in either the courts or nonjudicial avenues").  To the extent Plaintiff suggests that the notice of termination of his lease impeded his ability to contract, it was merely a notice and, ultimately, his lease was not terminated.  Plaintiff also fails to allege facts implicating any other enumerated activity under section 1981. Accordingly, Plaintiff's section 1981 claim, to the extent he asserts one, should be dismissed.

**C. Intentional Infliction of Emotional Distress**

For the reasons discussed *infra*, Plaintiff's section 1981 and 1983 claims – the only federal claims he asserts – should be dismissed with prejudice. Thus, the Court must reassess its exercise of subject matter jurisdiction over his remaining state tort claim. *See Enochs v. Lampasas, Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (stating that the district court should reconsider its jurisdiction over "state law claims as of the moment" the federal claims are deleted from the case).

Federal Courts may, under limited circumstances, exercise jurisdiction over state law claims

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Though the court's decision is discretionary, the Supreme Court of the United States has ruled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

In determining whether to retain supplemental jurisdiction over a remaining state law claim, a federal court considers both statutory and common law factors. *Enochs*, 641

F.3d at 159.  The applicable statutory factors are whether: (1) the state claims raise novel or complex issues of state law; (2) the state claims substantially predominate over the federal claims; (3) the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for the Court to decline to exercise jurisdiction.  *Id.*  The related common law factors are: (1) judicial economy; (2) convenience; (3) fairness; and (4) comity.  *Id.*

Here, the balance of statutory and common law factors weighs in favor of the Court declining to retain jurisdiction over Plaintiff's IIED claim.  Indeed, the Court has not expended significant time or judicial resources on a determination of the merits. Ostensibly, a Dallas state court is just as convenient a forum as a federal court sitting in Dallas.  Compelling, however, is the fact that no claims remain over which this court has original jurisdiction, and Plaintiff's only remaining IIED claim arises under Texas law. Thus, in this instance, justice would be best served by a Texas state court applying and interpreting Texas law.  Accordingly, Plaintiff's IIED claim should be dismissed without prejudice.  *See Bass*, 180 F.3d at 246 ("dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court").

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam).  Here, Plaintiff has already amended his complaint twice.  Notably, the first time was in response to Knightvest Management LLC's original motion to dismiss, Doc. 9, which pointed out

many of the same deficiencies that still are present in Plaintiff's operative, amended

complaint.  *See* Doc. 17.  Moreover, as discussed *supra*, based on the underlying facts

alleged by Plaintiff as the basis of this lawsuit, the deficiencies in his sections 1983 and

1981 claims simply cannot be cured.  As such, allowing Plaintiff to once again amend

would be futile, cause needless delay, and waste the Court's resources.  Thus, as to these

claims, the Court finds that Plaintiff has already pleaded his best case and further leave to

amend is not warranted.  *Dretke*, 587 F.3d at 767-68; *see also Jones v. Greninger*, 188

F.3d 322, 327 (5th Cir. 1999) (per curiam) (dismissal with prejudice of a *pro se* case is

appropriate if the court determines that the plaintiff has alleged his best case).

## V. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss Plaintiff's Amended*

*Complaint (Doc. No. 22) for Failure to State a Claim*, Doc. 48, should be **GRANTED IN**

**PART**, Plaintiff's federal claims under 42 U.S.C. §§ 1983 &1981 should be

**DISMISSED WITH PREJUDICE**, Plaintiff's state tort claim of Intentional Infliction of

Emotional Distress should be **DISMISSED WITHOUT PREJUDICE**, and *Defendant*

*Knightvest Management, LLC's Motion for Summary Judgment*, Doc. 35, should be

**TERMINATED AS MOOT**.

**SO RECOMMENDED** on February 28, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE